## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

**CONSTELLATION IP, LLC**

    **v.**

    **Civil Action No. 5:07-cv-00134**

**(1)   THE ALLSTATE CORPORATION;**
**(2)   ALLSTATE INSURANCE COMPANY;**
**(3)   ALLSTATE LIFE INSURANCE COMPANY;**
**(4)   CAPITAL ONE SERVICES, INC.;**
**(5)   CAPITAL ONE FINANCIAL CORP.;**
**(6)   CAPITAL ONE BANK CORP.;**
**(7)   CAPITAL ONE AUTO FINANCE, INC.;**
**(8)   CONTINENTAL AIRLINES, INC.;**
**(9)   HILTON HOSPITALITY, INC.;**
**(10) HILTON HOTELS CORP.;**
**(11) HAMPTON INNS, INC.;**
**(12) DOUBLETREE HOTELS CORP.;**
**(13) CONRAD HOTELS USA, INC.;**
**(14) CONRAD HOSPITALITY, LLC;**
**(15) CONRAD HOTELS WORLDWIDE, LLC;**
**(16) BLOCKBUSTER INC.;**
**(17) NETFLIX, INC.;**
**(18) COUNTRYWIDE FINANCIAL CORP.;**
**(19) COUNTRYWIDE HOME LOANS, INC.;**
**(20) SOUTHWEST AIRLINES CO.;**
**(21) E*TRADE FINANCIAL CORP.;**
**(22) TD AMERITRADE HOLDING CORP.;**
**(23) TD AMERITRADE INC.;**
**(24) TD AMERITRADE IP COMPANY, INC.;**
**(25) MATCH.COM LLC;**
**(26) IAC/INTERACTIVECORP;**
**(27) FIDELITY BROKERAGE SERVICES, LLC;**
**(28) NATIONAL FINANCIAL SERVICES, LLC; and**
**(29) FMR CORP.**

    **JURY TRIAL DEMANDED**

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Constellation IP, LLC makes the following allegations against The Allstate Corporation, Allstate Insurance Company, Allstate Life Insurance Company, Capital One Services, Inc., Capital One Financial Corp., Capital One Bank Corp., Capital One Auto Finance, Inc., Continental Airlines, Inc., Hilton Hospitality, Inc., Hilton Hotels Corp., Hampton Inns, Inc., Doubletree Hotels Corp., Conrad Hotels USA, Inc., Conrad Hospitality, LLC, Conrad Hotels Worldwide, LLC, Expedia, Inc., Classic Vacations, LLC, Hotels.com, Hotels.com, L.P., Hotels.com GP, LLC, Hotwire, Inc., TravelNow.com Inc., TripAdvisor LLC, Blockbuster Inc., Netflix, Inc., Countrywide Financial Corp., Countrywide Home Loans, Inc., Southwest Airlines Co., E*Trade Group, Inc., TD Ameritrade Holding Corp., TD Ameritrade Inc., TD Ameritrade IP Company, Inc., Match.com LLC, IAC/InterActiveCorp, Fidelity Brokerage Services, LLC, National Financial Services, LLC, and FMR Corp. (collectively the "Defendants").

## **PARTIES**

1.      Plaintiff Constellation IP, LLC ("Constellation") is a Texas limited liability company with its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

2.      On information and belief, Defendant The Allstate Corporation ("Allstate") is a Delaware corporation with its corporate headquarters and principal place of business at 2775 Sanders Rd., Northbrook, Illinois 60062.  Allstate has appointed its agent for service as follows: The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

3.      On information and belief, Defendant Allstate Insurance Company ("Allstate Insurance") is an Illinois or Delaware corporation with its corporate headquarters and principal

place of business at 2775 Sanders Rd., Northbrook, Illinois 60062.  Allstate Insurance may be served via the Illinois Secretary of State or via the Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

4.      On information and belief, Defendant Allstate Life Insurance Company ("Allstate Life") is an Illinois or Delaware corporation with its corporate headquarters and principal place of business at 3100 Sanders Rd., Northbrook, Illinois 60062.  Allstate Life may be served via the Illinois Secretary of State or via the Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

5.      On information and belief, Defendant Capital One Services, Inc. ("Capital One Services") is a Delaware corporation with its corporate headquarters and principal place of business at 1680 Capital One Drive, McLean, Virginia 22102.  Capital One Services has appointed its agent for service as follows: Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, Delaware 19808.

6.      On information and belief, Defendant Capital One Financial Corporation ("Capital One Financial") is a Delaware corporation with its corporate headquarters and principal place of business at 1680 Capital One Drive, McLean, Virginia 22102.  Capital One Financial has appointed its agent for service as follows: Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, Delaware 19808.

7.      On information and belief, Defendant Capital One Bank Corporation ("Capital One Bank") is a Virginia corporation with its corporate headquarters and principal place of business at 4581 Cox Road, Glen Allen, Virginia 23060.  Capital One Bank has appointed its agent for service as follows: Corporation Service Company, 11 S. 12th Street, P.O. Box 1463, Richmond, Virginia 23218.

8.     On information and belief, Defendant Capital One Auto Finance, Inc. ("Capital One Auto Finance") is a Texas corporation with its corporate headquarters and principal place of business at 3901 North Dallas Parkway, Plano, Texas 75093.  Capital One Auto Finance has appointed its agent for service as follows: Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

9.     On information and belief, Defendant Continental Airlines, Inc. ("Continental") is a Delaware corporation with its corporate headquarters and principal place of business at 1600 Smith St., Houston, Texas 77002.  Continental has appointed its agent for service as follows: Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

10.    On information and belief, Defendant Hilton Hospitality, Inc. ("Hilton Hospitality") is a Nevada corporation with its corporate headquarters and principal place of business at 9336 Civic Center Dr., Beverly Hills, California 90210.  Hilton Hospitality has appointed its agent for service as follows: Corporation Service Company, 502 E John St., Carson City, NV 89706.

11.    On information and belief, Defendant Hilton Hotels Corporation ("Hilton") is a Delaware corporation with its corporate headquarters and principal place of business at 9336 Civic Center Dr., Beverly Hills, California 90210.  Hilton has appointed its agent for service as follows: United States Corporation Company, 2711 Centerville Rd., Suite 400, Wilmington, Delaware 19808.

12.    On information and belief, Defendant Hampton Inns, Inc. ("Hampton") is a Delaware corporation with its corporate headquarters and principal place of business at 9336 Civic Center Dr., Beverly Hills, California 90210.  Hampton has appointed its agent for service

as follows: Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, Delaware 19808.

13.     On information and belief, Defendant Doubletree Hotels Corp. ("Doubletree") is an Arizona corporation with its corporate headquarters and principal place of business at 755 Crossover Lane, Memphis, Tennessee 38117.  Doubletree has appointed its agent for service as follows: Corporation Service Company, 701 Brazos, St., Suite 1050, Austin, Texas 78701.

14.     On information and belief, Defendant Conrad Hotels USA, Inc. ("Conrad USA") is a Delaware corporation with its corporate headquarters and principal place of business at 9336 Civic Center Dr., Beverly Hills, California 90210.  Conrad USA has appointed its agent for service as follows: The Prentice Hall Corporation System, 2711 Centerville Rd., Suite 400, Wilmington, Delaware 19808.

15.     On information and belief, Defendant Conrad Hospitality, LLC. ("Conrad Hospitality") is a Delaware limited liability company with its corporate headquarters and principal place of business at 9336 Civic Center Dr., Beverly Hills, California 90210.  Conrad Hospitality has appointed its agent for service as follows: Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, Delaware 19808.

16.     On information and belief, Defendant Conrad Hotels Worldwide, LLC. ("Conrad Worldwide") is a Delaware limited liability company with its corporate headquarters and principal place of business at 9336 Civic Center Dr., Beverly Hills, California 90210.  Conrad Worldwide has appointed its agent for service as follows: Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, Delaware 19808.

17.     On information and belief, Defendant Blockbuster Inc. ("Blockbuster") is a Delaware corporation with its corporate headquarters and principal place of business at 1201

Elm St., Dallas, Texas 75270. Blockbuster has appointed its agent for service as follows: Corporation Service Company, 701 Brazos St., Suite 1050, Austin, Texas 78701.

18.    On information and belief, Defendant Netflix, Inc. ("Netflix") is a Delaware corporation with its corporate headquarters and principal place of business at 100 Winchester Circle, Los Gatos, California 95032. Netflix has appointed its agent for service as follows: National Registered Agents, Inc., 1614 Sidney Baker St., Kerrville, Texas 78028.

19.    On information and belief, Defendant Countrywide Financial Corp. ("Countrywide Financial") is a Delaware corporation with its corporate headquarters and principal place of business at 4500 Park Granada, Calabasas, California 91032. Countrywide Financial has appointed its agent for service as follows: Prentice Hall Corporation System, 701 Brazos St., Suite 1050, Austin, Texas 78701.

20.    On information and belief, Defendant Countrywide Home Loans, Inc. ("Countrywide") is a New York corporation with its corporate headquarters and principal place of business at P.O. Box 4281, Woodland Hills, California 91365. Countrywide has appointed its agent for service as follows: Prentice Hall Corporation System, 701 Brazos St., Suite 1050, Austin, Texas 78701.

21.    On information and belief, Defendant Southwest Airlines Co. ("Southwest") is a Texas corporation with its corporate headquarters and principal place of business at 2702 Love Field Dr., Dallas, Texas 75235. Southwest has appointed its agent for service as follows: Corporation Service Co., 701 Brazos St., Suite 1050, Austin, Texas 78701.

22.    On information and belief, Defendant E*Trade Financial Corp. ("E*Trade") is a Delaware corporation with its corporate headquarters and principal place of business at 135 East

57th Street, New York, New York 10022. E*Trade has appointed its agent for service as follows: Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

23.     On information and belief, Defendant TD Ameritrade Holding Corp. ("TD Ameritrade Holding") is a Delaware corporation with its corporate headquarters and principal place of business at 4211 South 102nd Street, Omaha, Nebraska 68127. TD Ameritrade Holding has appointed its agent for service as follows: Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

24.     On information and belief, Defendant TD Ameritrade, Inc. ("TD Ameritrade") is a New York corporation with its corporate headquarters and principal place of business at 31 West 52nd Street, New York, New York, 10019. TD Ameritrade has appointed its agent for service as follows: Corporation Service Company, 701 Brazos St., Suite 1050, Austin, Texas 78701.

25.     On information and belief, Defendant TD Ameritrade IP Company, Inc. ("TD Ameritrade IP") is a Delaware corporation with its corporate headquarters and principal place of business at 4211 South 102nd Street, Omaha, Nebraska 68127. TD Ameritrade IP has appointed its agent for service as follows: Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

26.     On information and belief, Defendant Match.com LLC ("Match.com") is a Delaware limited liability company with its corporate headquarters and principal place of business at 8300 Douglas, Dallas, Texas 75225. Match.com has appointed its agent for service as follows: Registered Agents Inc., 1614 Sidney Baker St., Kerrville, Texas 78028.

27.     On information and belief, Defendant IAC/InterActiveCorp ("IAC") is a Delaware corporation with its corporate headquarters and principal place of business at 555 West

18th Street, New York, New York 10011.  IAC has appointed its agent for service as follows: National Registered Agents, Inc., 160 Greentree Dr., Suite 101, Dover, Delaware 19904.

28.     On information and belief, Defendant Fidelity Brokerage Services, LLC ("Fidelity") is a Delaware limited liability company with its corporate headquarters and principal place of business at 82 Devonshire St., Boston, Massachusetts 02109.  Fidelity has appointed its agent for service as follows: Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

29.     On information and belief, Defendant National Financial Services, LLC ("National") is a Delaware limited liability company with its corporate headquarters and principal place of business at 82 Devonshire St., Boston, Massachusetts 02109.  National has appointed its agent for service as follows: Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

30.     On information and belief, Defendant FMR Corp. ("FMR") is a Delaware corporation with its corporate headquarters and principal place of business at 82 Devonshire St., Boston, Massachusetts 02109.  FMR has appointed its agent for service as follows: Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

31.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

32.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each Defendant has a regular and established place of business in this

district, has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

33.     On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,453,302

34.     Constellation is the owner by assignment of United States Patent No. 6,453,302 ("the '302 Patent") entitled "Computer Generated Presentation System."  The '302 Patent issued on September 17, 2002.  A true and correct copy of the '302 Patent is attached as Exhibit A.

35.     Jerome D. Johnson and Dale A. Mehr are listed as inventors on the '302 Patent.

36.     Upon information and belief, Defendant Allstate has been and now is directly, jointly, and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites and systems implementing various websites (including, but not limited to, www.allstate.com) that practice one or more claims of the '302 Patent to the injury of Constellation.  Defendant Allstate is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

37.     Upon information and belief, Defendant Allstate Insurance has been and now is directly, jointly, and/or indirectly infringing by way of inducing infringement and/or contributing

to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites and systems implementing various websites (including, but not limited to, www.allstate.com) that practice one or more claims of the '302 Patent to the injury of Constellation. Defendant Allstate Insurance is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

38. Upon information and belief, Defendant Allstate Life has been and now is directly, jointly, and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites and systems implementing various websites (including, but not limited to, www.allstate.com) that practice one or more claims of the '302 Patent to the injury of Constellation. Defendant Allstate Life is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

39. Upon information and belief, Defendant Capital One Services has been and now is directly, jointly, and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites and systems implementing various websites (including, but not limited to, www.capitalone.com) that practice one or more claims of the '302 Patent to the injury of Constellation. Defendant Capital One Services is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

40. Upon information and belief, Defendant Capital One Financial has been and now is directly, jointly, and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district,

and elsewhere in the United States by, among other things, methods practiced on various websites and systems implementing various websites (including, but not limited to, www.capitalone.com) that practice one or more claims of the '302 Patent to the injury of Constellation.  Defendant Capital One Financial is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

41.     Upon information and belief, Defendant Capital One Bank has been and now is directly, jointly, and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites and systems implementing various websites (including, but not limited to, www.capitalone.com) that practice one or more claims of the '302 Patent to the injury of Constellation.  Defendant Capital One Bank is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

42.     Upon information and belief, Defendant Capital One Auto Finance has been and now is directly, jointly, and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites and systems implementing various websites (including, but not limited to, www.capitalone.com) that practice one or more claims of the '302 Patent to the injury of Constellation.  Defendant Capital One Auto Finance is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

43.     Upon information and belief, Defendant Continental has been and now is directly, jointly, and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the

11

United States by, among other things, methods practiced on various websites and systems implementing various websites (including, but not limited to, www.continental.com and www.continentalairlines.com) that practice one or more claims of the '302 Patent to the injury of Constellation.  Defendant Continental is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

44.      Upon information and belief, Defendant Hilton Hospitality has been and now is directly, jointly, and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites and systems implementing various websites (including, but not limited to, www.hilton.com, www.doubletree.com, www.conradhotels.com, www.hamptoninn.com, and www.homewoodsuites.com) that practice one or more claims of the '302 Patent to the injury of Constellation.  Defendant Hilton Hospitality is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

45.      Upon information and belief, Defendant Hilton has been and now is directly, jointly, and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites and systems implementing various websites (including, but not limited to, www.hilton.com, www.doubletree.com, www.conradhotels.com, www.hamptoninn.com, and www.homewoodsuites.com) that practice one or more claims of the '302 Patent to the injury of Constellation.  Defendant Hilton is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

46.     Upon information and belief, Defendant Hampton has been and now is directly, jointly, and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites and systems implementing various websites (including, but not limited to, www.hamptoninn.com, www.hilton.com) that practice one or more claims of the '302 Patent to the injury of Constellation.  Defendant Hampton is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

47.     Upon information and belief, Defendant Doubletree has been and now is directly, jointly, and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites and systems implementing various websites (including, but not limited to, www.doubletree.com and www.hilton.com) that practice one or more claims of the '302 Patent to the injury of Constellation.  Defendant Doubletree is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

48.     Upon information and belief, Defendant Conrad USA has been and now is directly, jointly, and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites and systems implementing various websites (including, but not limited to, www.conradhotels.com and www.hitlton.com) that practice one or more claims of the '302 Patent to the injury of

Constellation.  Defendant Conrad USA is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

49.     Upon information and belief, Defendant Conrad Hospitality has been and now is directly, jointly, and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites and systems implementing various websites (including, but not limited to, www.conradhotels.com and www.hilton.com) that practice one or more claims of the '302 Patent to the injury of Constellation.  Defendant Conrad Hospitality is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

50.     Upon information and belief, Defendant Conrad Worldwide has been and now is directly, jointly, and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites and systems implementing various websites (including, but not limited to, www.conradhotels.com and www.hilton.com) that practice one or more claims of the '302 Patent to the injury of Constellation.  Defendant Conrad Worldwide is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

51.     Upon information and belief, Defendant Blockbuster has been and now is directly, jointly, and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites and systems implementing various websites (including, but not limited to, www.blockbuster.com) that

practice one or more claims of the '302 Patent to the injury of Constellation. Defendant Blockbuster is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

52.     Upon information and belief, Defendant Netflix has been and now is directly, jointly, and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites and systems implementing various websites (including, but not limited to, www.netflix.com) that practice one or more claims of the '302 Patent to the injury of Constellation. Defendant Netflix is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

53.     Upon information and belief, Defendant Countrywide Financial has been and now is directly, jointly, and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites and systems implementing various websites (including, but not limited to, www.countrywide.com and www.mycountrywide.com) that practice one or more claims of the '302 Patent to the injury of Constellation. Defendant Countrywide Financial is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

54.     Upon information and belief, Defendant Countrywide has been and now is directly, jointly, and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites and systems implementing various websites (including, but not limited to, www.countrywide.com and www.mycountrywide.com) that practice one or more claims of the '302 Patent to the injury of

Constellation.  Defendant Countrywide is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

55.     Upon information and belief, Defendant Southwest has been and now is directly, jointly, and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites and systems implementing various websites (including, but not limited to, www.southwest.com and www.iflyswa.com) that practice one or more claims of the '302 Patent to the injury of Constellation.  Defendant Countrywide is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

56.     Upon information and belief, Defendant E*Trade has been and now is directly, jointly, and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites and systems implementing various websites (including, but not limited to, www.etrade.com and https://us.etrade.com/e/t/home) that practice one or more claims of the '302 Patent to the injury of Constellation.  Defendant E*Trade is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

57.     Upon information and belief, Defendant TD Ameritrade Holding has been and now is directly, jointly, and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites and systems implementing various websites (including, but not limited to,

www.tdameritrade.com and www.ameritrade.com) that practice one or more claims of the '302 Patent to the injury of Constellation. Defendant TD Ameritrade Holding is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

58. Upon information and belief, Defendant TD Ameritrade has been and now is directly, jointly, and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites and systems implementing various websites (including, but not limited to, www.tdameritrade.com and www.ameritrade.com) that practice one or more claims of the '302 Patent to the injury of Constellation. Defendant TD Ameritrade is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

59. Upon information and belief, Defendant TD Ameritrade IP has been and now is directly, jointly, and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites and systems implementing various websites (including, but not limited to, www.tdameritrade.com and www.ameritrade.com) that practice one or more claims of the '302 Patent to the injury of Constellation. Defendant TD Ameritrade IP is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

60. Upon information and belief, Defendant Match.com has been and now is directly, jointly, and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites and systems

implementing various websites (including, but not limited to, www.match.com) that practice one or more claims of the '302 Patent to the injury of Constellation. Defendant Match.com is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

61.     Upon information and belief, Defendant IAC has been and now is directly, jointly, and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites and systems implementing various websites (including, but not limited to, www.match.com) that practice one or more claims of the '302 Patent to the injury of Constellation. Defendant IAC is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

62.     Upon information and belief, Defendant Fidelity has been and now is directly, jointly, and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites and systems implementing various websites (including, but not limited to, www.fidelity.com) that practice one or more claims of the '302 Patent to the injury of Constellation. Defendant Fidelity is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

63.     Upon information and belief, Defendant National has been and now is directly, jointly, and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites and systems implementing various websites (including, but not limited to, www.fidelity.com) that practice

one or more claims of the '302 Patent to the injury of Constellation. Defendant National is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

64.     Upon information and belief, Defendant FMR has been and now is directly, jointly, and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '302 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites and systems implementing various websites (including, but not limited to, www.fidelity.com) that practice one or more claims of the '302 Patent to the injury of Constellation. Defendant FMR is thus liable for infringement of the '302 Patent pursuant to 35 U.S.C. § 271.

65.     Defendants have actively induced and are actively inducing infringement of the '302 Patent and are liable for contributory infringement of the '302 Patent.

66.     To the extent that facts learned in discovery show that Defendants' infringement is or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

67.     On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '302 Patent complied with such requirements.

68.     As a result of these Defendants' infringement of the '302 Patent, Constellation has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

69.     Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '302 Patent, Constellation will be greatly and irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Constellation respectfully requests that this Court enter:

1. A judgment in favor of Constellation that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '302 Patent;

2. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringement, inducing the infringement of, or contributing to the infringement of the '302 Patent;

3. A judgment and order requiring Defendants to pay Constellation its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '302 Patent as provided under 35 U.S.C. § 284;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Constellation its reasonable attorneys' fees; and

5. Any and all other relief to which Constellation may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

**CONSTELLATION IP, LLC**

Dated: August 23, 2007

_____
Danny L. Williams
LEAD ATTORNEY
Texas State Bar No. 21518050
Terry D. Morgan
Texas State Bar No. 14452430
J. Mike Amerson
Texas State Bar No. 01150025
**Williams, Morgan & Amerson, P.C.**
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713) 934-4060
Facsimile: (713) 934-7011
E-mail: danny@wmalaw.com
E-mail: tmorgan@wmalaw.com
E-mail: mike@wmalaw.com

David M. Pridham
**Intellectual Property Navigation Group, LLC**
Rhode Island State Bar No. 6625
207 C North Washington Avenue
Marshall, Texas 75670
Telephone: (903) 938-7400
Facsimile: (903) 938-7404
E-mail: david@ipnav.com

T. John Ward, Jr.
Texas State Bar No. 00794818
**Ward & Smith Law Firm**
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
E-mail: jw@jwfirm.com

Eric M. Albritton
Texas State Bar No. 00790215
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397
Email:  ema@emafirm.com
Email:  jsh@emafirm.com

John J. Edmonds
Texas State Bar No. 00789758
**THE EDMONDS LAW FIRM, PC**
709 Sabine Street
Houston, Texas 77007
Telephone:  (713) 858-3320
Facsimile: (832) 415-2535
Email: johnedmonds@edmondslegal.com

Jason W. Cook
Texas State Bar No. 24028537
**The Law Office of Jason W. Cook**
5320 Victor St.
Dallas, Texas 75214
Telephone:  (214) 504-6813
Facsimile:  (469) 327-2777
Email:  jcook@cookip.com

**ATTORNEYS FOR PLAINTIFF
CONSTELLATION IP, LLC**