IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| CONSTELLATION IP, LLC, | | |
| Plaintiff, | | |
| v. | | Civil Action No. 5:07-cv-132-LED |
| THE ALLSTATE CORPORATION et al, | | **JURY** |
| Defendants. | | |

### DEFENDANTS FIDELITY BROKERAGE SERVICES LLC'S, NATIONAL FINANCIAL SERVICES LLC'S AND FMR LLC'S ANSWER TO CONSTELLATION IP, LLC'S AMENDED COMPLAINT

Defendants Fidelity Brokerage Services LLC ("FBS"), National Financial Services LLC ("NFS") and FMR LLC ("FMR") (collectively "the Fidelity Defendants") hereby answer the Amended Complaint of Plaintiff Constellation IP, LLC ("Constellation").  The Fidelity Defendants deny all allegations not expressly admitted below.

### PARTIES

1.      The Fidelity Defendants not have sufficient information to admit or deny the allegations of paragraph 1 and, therefore, deny these allegations.

2.      Paragraph 2 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 2 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

3.      Paragraph 3 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 3 does require a response, the Fidelity Defendants do not have

sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

4.      Paragraph 4 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 4 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

5.      Paragraph 5 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 5 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

6.      Paragraph 6 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 6 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

7.      Paragraph 7 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 7 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

8.      Paragraph 8 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 8 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

9.      Paragraph 9 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 9 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

10.      Paragraph 10 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 10 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

11.      Paragraph 11 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 11 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

12.      Paragraph 12 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 12 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

13.      Paragraph 13 does not require an Answer from the Fidelity Defendants  To the extent that Paragraph 13 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

14.      Paragraph 14 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 14 does require a response, the Fidelity Defendants do not have

sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

15.     Paragraph 15 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 15 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

16.     Paragraph 16 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 16 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

17.     Paragraph 17 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 17 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

18.     Paragraph 18 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 18 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

19.     Paragraph 19 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 19 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

20.     Paragraph 20 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 20 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

21.     Paragraph 21 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 21 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

22.     Paragraph 22 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 22 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

23.     Paragraph 23 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 23 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

24.     Paragraph 24 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 24 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

25.     Paragraph 25 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 25 does require a response, the Fidelity Defendants do not have

sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

26.     Paragraph 26 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 26 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

27.     Paragraph 27 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 27 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

28.     Paragraph 28 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 28 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

29.     The Fidelity Defendants admit that FBS is a Delaware limited liability company with its corporate headquarters and principal place of business at 82 Devonshire St., Boston, Massachusetts 02109.  The Fidelity Defendants admit that FBS has appointed its agent for service as follows: Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

30.     The Fidelity Defendants admit that NFS is a Delaware limited liability company with its corporate headquarters and principal place of business at 82 Devonshire St., Boston, Massachusetts 02109.  The Fidelity Defendants admit that NFS has appointed its

agent for service as follows: Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

31.     The Fidelity Defendants deny that FMR is a Delaware corporation.  FMR was formerly a Delaware corporation.  On October 1, 2007 FMR became a  Delaware limited liability company.  The Fidelity Defendants admit that FMR has its corporate headquarters and principal place of business at 82 Devonshire St., Boston, Massachusetts 02109.  The Fidelity Defendants admit that FMR has appointed its agent for service as follows: Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

32.     Paragraph 32 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 32 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

33.     Paragraph 33 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 33 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

34.     Paragraph 34 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 34 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

35.     Paragraph 35 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 35 does require a response, the Fidelity Defendants do not have

sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

36.     Paragraph 36 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 36 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

37.     Paragraph 37 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 37 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

38.     Paragraph 38 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 38 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

39.     Paragraph 39 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 39 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

## JURISDICTION AND VENUE

The Fidelity Defendants incorporate by references their response to paragraphs 1-39 above.

40.     The Fidelity Defendants admit that the Complaint alleges patent infringement and that this Court has jurisdiction over the subject matter of the Complaint.

41.     The Fidelity Defendants deny the allegations of paragraph 41.

42.     FBS and NFS admit that they are subject to this Court's personal jurisdiction. FMR denies that it is subject to this Court's personal jurisdiction. FMR is merely a holding company, and does not manufacture, distribute or sell any products or parts. It therefore could not infringe the '302 Patent. The Fidelity Defendants deny all other allegations of paragraph 42.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,453,302

The Fidelity Defendants incorporate by references their response to paragraphs 1-42 above.

43.     The Fidelity Defendants admit that United States Patent No. 6,453,302 (the "'302 Patent") bears the title "Computer Generated Presentation System" and bears an issue date of September 17, 2002. The Fidelity Defendants do not have sufficient information to admit or deny that the document listed as Exhibit A is a "true and correct" copy and therefore deny this allegation. the Fidelity Defendants do not have sufficient information to admit or deny the allegations of paragraph 43 with respect to Constellation's rights or ownership in the patent and, therefore, deny this allegation.

44.     The Fidelity Defendants admit that Jerome D. Johnson and Dale A. Mehr are listed as inventors on the face of the '302 Patent.

45.     Paragraph 45 does not require an Answer from the Fidelity Defendants. To the extent that Paragraph 45 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

46.     Paragraph 46 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 46 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

47.     Paragraph 47 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 47 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

48.     Paragraph 48 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 48 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

49.     Paragraph 49 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 49 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

50.     Paragraph 50 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 50 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

51.     Paragraph 51 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 51 does require a response, the Fidelity Defendants do not have

sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

52.     Paragraph 52 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 52 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

53.     Paragraph 53 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 53 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

54.     Paragraph 54 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 54 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

55.     Paragraph 55 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 55 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

56.     Paragraph 56 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 56 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

57.     Paragraph 57 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 57 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

58.     Paragraph 58 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 58 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

59.     Paragraph 59 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 59 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

60.     Paragraph 60 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 60 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

61.     Paragraph 61 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 612 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

62.     Paragraph 62 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 62 does require a response, the Fidelity Defendants do not have

sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

63.     Paragraph 63 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 63 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

64.     Paragraph 64 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 64 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

65.     Paragraph 65 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 65 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

66.     Paragraph 66 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 66 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

67.     Paragraph 67 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 67 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

68.     Paragraph 68 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 68 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

69.     Paragraph 69 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 69 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

70.     Paragraph 70 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 70 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

71.     Paragraph 71 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 71 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

72.     The Fidelity Defendants deny all of the allegations and characterizations of paragraph 72.

73.     The Fidelity Defendants deny all of the allegations and characterizations of paragraph 73.

74.     The Fidelity Defendants deny all of the allegations and characterizations of paragraph 74.

75.     Paragraph 75 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 75 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

76.     Paragraph 76 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 76 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

77.     Paragraph 77 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 77 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

78.     Paragraph 78 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 78 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

79.     Paragraph 79 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 79 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

80.     Paragraph 80 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 80 does require a response, the Fidelity Defendants do not have

sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

81.     Paragraph 81 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 81 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

82.     Paragraph 82 does not require an Answer from the Fidelity Defendants.  To the extent that Paragraph 82 does require a response, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of and, therefore, deny these allegations.

83.     With respect to their own activities, the Fidelity Defendants deny that they have actively induced and/or are actively inducing infringement of the '302 Patent.  The Fidelity Defendants deny that they are liable for contributory infringement of the '302 Patent.  With respect to all remaining Defendants, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of paragraph 83 and, therefore, deny these allegations.

84.     With respect to their own activities, the Fidelity Defendants deny that they have infringed and/or continue to willfully infringe the '302 Patent.  With respect to all remaining Defendants, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of paragraph 84 and, therefore, deny these allegations.

85.     The Fidelity Defendants do not have sufficient information to admit or deny the allegations of paragraph 85 and, therefore, deny these allegations.

86.     With respect to their own activities, the Fidelity Defendants deny that they have infringed and/or infringe the '302 Patent.  The Fidelity Defendants deny that Constellation has suffered or will suffer any damages as a result of any of the Fidelity Defendants' activities.  With respect to all remaining Defendants, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of paragraph 86 and, therefore, deny these allegations.

87.     With respect to their own activities, the Fidelity Defendants deny that they have infringed and/or infringe the '302 Patent.  The Fidelity Defendants deny that Constellation has been or will be greatly or irreparably harmed as a result of any of the Fidelity Defendants' activities.  With respect to all remaining Defendants, the Fidelity Defendants do not have sufficient information to admit or deny the allegations of paragraph 87 and, therefore, deny these allegations.

## FIRST AFFIRMATIVE DEFENSE

FMR LLC ("FMR") should be dismissed from the present litigation since it is just a holding company.  FMR does not manufacture, distribute or sell any products or parts.  Therefore, FMR could not infringe the '302 Patent.

## SECOND AFFIRMATIVE DEFENSE

The complaint fails to state any claim against the Fidelity Defendants upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

The Fidelity Defendants do not infringe, have not infringed and will not infringe (either directly, contributorily, or by inducement) any valid and enforceable claim in the '342 and '627 Patents.

## FOURTH AFFIRMATIVE DEFENSE

Claims in the '302 Patent are invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, and 112.

## FIFTH AFFIRMATIVE DEFENSE

Any damages sought by plaintiff are limited by 35 U.S.C. § 286.

## SIXTH AFFIRMATIVE DEFENSE

Any damages sought by plaintiff are limited by the doctrines of laches and estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Any damages sought by plaintiff are barred by 35 U.S.C. § 287, and plaintiff's failure to mark or otherwise provide notice of the '302 Patent.

## EIGHTH AFFIRMATIVE DEFENSE

The Fidelity Defendants have not willfully infringed any claim of the '302 Patent.

## NINTH AFFIRMATIVE DEFENSE

A preliminary or permanent injunction would be improper in this case under the legal standards for injunctions because, for example, plaintiff is not competing with the Fidelity Defendants, would not be irreparably harmed, and is not practicing the alleged inventions.  In addition, the balance of hardships and public interest do not favor an injunction in this case.

## TENTH AFFIRMATIVE DEFENSE

To the extent that Constellation asserts that FBS, NFS and/or FMR indirectly infringe, either by contributory infringement or inducement of infringement, the Fidelity

Defendants are not liable to Constellation for the acts alleged to have been performed

before FBS, NFS, and/or FMR knew that their actions would cause indirect infringement.

## ELEVENTH AFFIRMATIVE DEFENSE

The ' 302 Patent is unenforceable by virtue of inequitable conduct committed

before the United States Patent and Trademark Office (" PTO" ). During the prosecution

of the

'302 Patent, the alleged inventors and their counsel failed to disclose at least the

following material prior art to the PTO:

a)   United States Patent No. 5,493,490 (the "'490 Patent" ), issued to Jerome D.

Johnson on February 20, 1996 and assigned to Clear With Computers, Inc.;

b)   WhiteGMC Volvo, TruckMatch, Read Me First, Copyright 1990 Clear With

Computers Inc. (cited during the prosecution of the ' 490 Patent);

c)   GM Truck, Compass, Read Me First, Copyright 1991 Clear With Computers Inc.

(cited during the prosecution of the ' 490 Patent);

d)   Sales Ally Brochure (cited during prosecution of co-pending Application Serial

No. 08/692,045, filed August 2, 1996);

e)   WhiteGMC Volvo, TruckMatch Operator' s Manual.

Because Jerome D. Johnson is an alleged inventor of the '490 and '302 Patents,

Clear With Computers was the assignee of the '490 and '302 Patents, and the prosecution

counsel for the '490 and '302 Patents was Merchant & Gould, the alleged inventors and

their

counsel were aware of the foregoing prior art during the prosecution of the '302 Patent.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting construction of any claim of the '302 Patent that covers any act of the Fidelity Defendants, or any product used by the Fidelity Defendants because of amendments and arguments made to the U.S. Patent and Trademark Office during prosecution of the application that became the '302 Patent to overcome prior art to obtain allowance of the claims of the '302 Patent.

## DEMAND FOR JURY TRIAL

The Fidelity Defendants, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, the Fidelity Defendants pray:

1.     That this Court dismiss the Complaint against the Fidelity Defendants with prejudice;

2.     That this Court enter a judgment declaring that the Fidelity Defendants have not infringed and does not infringe the '302 Patent;

3.     That this Court enter a judgment declaring that the Fidelity Defendants have not willfully infringed and does not willfully infringe the '302 Patent;

4.     That this Court enter a judgment denying any award to Constellation for damages, enhanced damages, disgorgement of profits, or restitution;

5.     That this Court deny any injunction against the Fidelity Defendants;

6.     That this Court declare that the '302 Patent is invalid and unenforceable;

7.     That this Court declare this case exceptional and award the Fidelity Defendants its reasonable costs, expenses and attorneys' fees;

6.      That this Court award the Fidelity Defendants any and all other relief to which the

Fidelity Defendants may show itself to be entitled.

Dated:  October 24, 2007                          Respectfully submitted,

                                                  By:  */s/ Michael E. Jones*
                                                       Allen F. Gardner
                                                       State Bar No. 24043679
                                                       allengardner@potterminton.com
                                                       Michael E. Jones
                                                       State Bar No. 10929400
                                                       mikejones@potterminton.com
                                                       POTTER MINTON
                                                       A Professional Corporation
                                                       110 N. College, Suite 500 (75702)
                                                       P.O. Box 359
                                                       Tyler, TX 75710
                                                       (903) 597-8311 (Telephone)
                                                       (903) 593-0846 (Facsimile)

                                                       Alan D. Smith, BBO#629034
                                                       Elizabeth A. Brown, CA#193540
                                                       Whitney A. Fellberg, BBO#663599
                                                       Thomas H. Reger II, TX#24032992
                                                       FISH & RICHARDSON P.C.
                                                       225 Franklin Street
                                                       Boston, MA 02110-2804
                                                       617-542-5070 (Telephone)
                                                       617-542-8906 (Facsimile)

                                                       Attorneys for Defendants
                                                       FIDELITY BROKERAGE SERVICES LLC,
                                                       NATIONAL FINANCIAL SERVICES LLC,
                                                       and FMR LLC

### CERTIFICATE OF SERVICE

        The undersigned hereby certifies that a true and correct copy of the above and
foregoing document has been served on October 24, 2007 to all counsel of record who
are deemed to have consented to electronic service via the Court's CM/ECF system per
Local Rule CV-5(a)(3).  Any other counsel of record will be served by U.S. Mail.

                                      */s/ Michael E. Jones*